# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | | |
|---|---|---|
| **TRENT BERTOTHY on Behalf of Himself and on Behalf of All Others Similarly Situated,** | § § § § | |
| **Plaintiff,** | § § | |
| V. | § § | CIVIL ACTION NO. :_____ <br> JURY TRIAL DEMANDED |
| **ENVIRONMENTAL DRILLING SOLUTIONS, L.L.C.,** | § § § § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## CLASS AND COLLECTIVE ACTION & JURY DEMAND

1. Defendant Environmental Drilling Solutions, L.L.C. ("Defendant") required Plaintiff Trent Bertothy ("Plaintiff") to work more than forty hours in a workweek as a Solids Control Technician. Defendant misclassified Plaintiff and other Solids Control Technicians throughout the United States as exempt from overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*, and the corresponding laws of the other states where Defendant operates. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

2. Plaintiff worked for Defendant in Pennsylvania. Just as Defendant's misclassification of Plaintiff violates the FLSA, so too does that misclassification independently violate the state laws of Pennsylvania. As such, Plaintiff brings claims under the Pennsylvania

1

Minimum Wage Act ("PMWA"), 43 PA. STAT. ANN. § 333.104 et seq. Members of the Pennsylvania class are hereinafter referred to as the "Pennsylvania Class Members." The members of all Classes are collectively referred to as "Class Members."

**SUBJECT MATTER JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive—namely the failure of Defendant to pay overtime due to a common pay practice of misclassifying its Solids Control Technicians as exempt.

5. Venue is proper in this District because Plaintiff worked in this District and many of the wrongs herein alleged occurred in this District.

**PARTIES AND PERSONAL JURISDICTION**

6. Plaintiff Trent Bertothy is an individual residing in Centre County, Pennsylvania. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant throughout Pennsylvania within the last three years.

7. The FLSA Class Members are all current and former Solids Control Technicians, and all employees in substantially similar positions, who worked at any time during the three-year period before the filing of this Complaint.

8. The Pennsylvania Class Members are all current and former Solids Control Technicians, and all employees in substantially similar positions, who worked at any time during the three-year period before the filing of this Complaint in Pennsylvania.

9. Defendant Environmental Drilling Solutions, L.L.C. is a foreign company organized under the laws of Louisiana. Defendant may be served process through its registered agent Joseph P. Herbert, 822 Harding Street, Lafayette, Louisiana 70503, or wherever he might be found.

10. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privileges of conducting activities in the state of Pennsylvania and established minimum contacts sufficient to confer jurisdiction. The assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

11. Defendant had and continues to have continuous and systematic contacts with the State of Pennsylvania sufficient to establish general jurisdiction over it. Specifically, Defendant conducts business in the Pennsylvania market and employs citizens of Pennsylvania.

## COVERAGE

12. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

13. At all material times, Defendant has been an employer within the meaning of 43 PA. STAT. ANN. § 333.103(g).

14. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

15. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

16. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

17. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

18. At all material times, Plaintiff and Class Members were employees of Defendant with the meaning of 43 PA. STAT. ANN. § 333.103(h).

**FACTS**

19. Defendant Environmental Drilling Solutions, L.L.C. is an oilfield service company that specializes in removing waste byproduct from drilling fluids during the process of drilling an oil well.

20. Plaintiff worked for Defendant as a Solids Control Technician from approximately January of 2014 to October 2014.

21. A Solids Control Technician is a manual laborer that performs work involving rigging up and rigging down oil field equipment. Rigging up and rigging down work is physical labor that involves laying and hammering pipe. Additionally, a Solids Control Technician maintains and operates oilfield equipment that is used to separate solid waste from drilling fluids. This work is performed outside in difficult conditions while being exposed to caustic chemicals. It requires wearing personnel protective equipment such as flame retardant clothing, respirators, and hard hats.

22. Solid Control Technicians, such as Plaintiff, regularly work more than 12 hours in a day and more than 80 hours in a week.

23. Plaintiff and the Class Members worked as Solid Control Technicians.

24. The Class Members also worked more than 40 hours in a workweek.

25. For compensation, the Plaintiff and Class Members were paid a salary and a day rate for each day spent in the field.

26. No exemption in the FLSA or the PMWA law shelters Defendant from paying overtime to the Plaintiff and Class Members.

27. The Plaintiff and Class Members did not supervise other employees or manage a customarily recognized department of Defendant's company.

28. The Plaintiff and Class Members did not have authority to hire or fire other employees.

29. The Plaintiff and Class Members performed manual labor tasks outdoors. They were not "white collar" or office employees. The Plaintiff and Class Members work outdoors, at oil well sites and perform physical labor tasks.

30. The primary duty of the Plaintiff and Class Members was related to providing services for Defendant's core business, not the management of the company's operations.

31. The primary duty of the Plaintiff Class Members did not require independent judgment or discretion.

32. The Plaintiff and Class Members were not computer-systems analysts, computer programmers, software engineers, or other similar employees.

33. Despite these facts, Defendant classified the Plaintiff and Class Members as exempt from overtime pay.

34. As a result of Defendant's pay policies, Plaintiff and the Class Members were denied overtime pay.

35. Defendant knew, or showed reckless disregard for whether Plaintiffs and the Class Members were entitled to overtime pay under the law. In particular, Defendant is a large company

that knew about the requirement to pay overtime pay. The failure on Defendant's part to pay overtime was intentional or a reckless disregard for the law.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

36. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

37. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

38. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

40. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

41. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with Solids Control Technicians under the same compensation structure on multiple well sites throughout his employment tenure with Defendant.

42. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

43. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

44. Defendant misclassified FLSA Class Members as exempt employees.

45. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

46. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

47. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

48. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

49. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

50. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

51. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

52. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

53. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former Solid Control Technicians, and all employees in substantially similar positions, who worked for Defendant at any time during the three-year period before the filing of this Complaint.

## COUNT TWO: VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT—OVERTIME (CLASS ACTION)

54. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

55. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the PMWA. At all relevant times, Defendant has employed and continue to employ, "employees," including the Pennsylvania Class Members and Plaintiff, within the meaning the PMWA.

56. The PMWA requires payment of one and one-half times the employee's regular rate for each hour worked per week over 40 hours. 43 PA.. STAT. ANN. § 333.104(c).

57. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the PMWA, thereby violating, and continuing to violate, the PMWA.

58. Plaintiff brings his claims on behalf of himself and all similarly situated employees pursuant to 43 PA. STAT. ANN. § 333.113 which authorizes a private cause of action for Plaintiff and the Pennsylvania Class Members to recover their unpaid wages plus interest and penalties, as well as costs of court and attorneys' fees.

## RULE 23 CLASS ACTION ALLEGATIONS

59. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

60. Plaintiff brings his overtime claims arising under the PMWA as a Rule 23 class action on behalf of the following class:

All current and former Solids Control Technicians employed by Defendant in Pennsylvania during the three-year period before the filing of this Complaint.

61. Although Plaintiff does not know the precise number of members of the proposed class, Plaintiff believes there are more than 40 individuals that fit into the class.

62. The members of the class are so numerous that their individual joinder is impractical.

63. The identity of the members of the class is readily discernible from Defendant's records.

64. Plaintiff and the proposed class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

65. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

   a. Whether Plaintiff and the Class Members worked hours in excess of forty hours per work week;

   b. Whether Plaintiff and the Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as prescribed by Pennsylvania law;

   c. Whether Defendant failed to classify Plaintiff and Class Members as non-exempt employees under Pennsylvania law.

66. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

67. Plaintiff's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with Pennsylvania law and because Defendant classified Plaintiff as an exempt employee just as it did with the Pennsylvania Class Members.

68. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and his counsel.

69. The class action under Pennsylvania state law is superior to other available means for the fair and efficient adjudication of the state law claims of Plaintiff and the Pennsylvania Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the classes individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## JURY DEMAND

70. Plaintiff and Class Members hereby demand trial by jury on all issues.

# **PRAYER**

71. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all FLSA Class Members to permit them join this action by filing a written notice of consent;

   b. An order certifying this case as a class action under Rule 23 for the Pennsylvania state law claims;

   c. A judgment against Defendant awarding Plaintiff, the FLSA Class Members, and Pennsylvania Class Members all their unpaid overtime compensation and liquidated damages;

   d. An order awarding attorneys' fees, costs, and expenses;

   e. Pre- and post-judgment interest at the highest applicable rates; and

   f. Such other and further relief as may be necessary and appropriate.

    Respectfully submitted,

    KENNEDY HODGES, L.L.P.

    By: /s/ Don J. Foty
       Don J. Foty
       dfoty@kennedyhodges.com
       Texas State Bar No. 24050022
       (will apply for admission *pro hac vice*)
       4409 Montrose Blvd, Ste. 200
       Houston, TX 77006
       Telephone: (713) 523-0001
       Facsimile: (713) 523-1116

    LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS